Prob 12C
(Rev. 3/95 D/HI)

# United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 6 2006

at _____ o'clock and _____ min. ___ M

SUE BEITIA, CLERK

U.S.A. vs. JEANNIE L. BUCIO                                Docket No. CR 02-00308SOM-01

## SUPPLEMENTAL REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Additional Violations of Supervised Release)

   COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JEANNIE L. BUCIO, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 25th day of November 2002, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

   1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

   2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

   3. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

   4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

   5. That the defendant pay restitution of $2,283.02 to Enrique and Desiree Panlilio; $4,066.98 to USAA Insurance; and $5,000 to Matthew Bullock, for a total of $11,350 jointly and severally with codefendant Christopher K. Horner immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

   On 10/1/2004, the Court modified Special Condition No. 5 after being informed that some of the stolen items in the instant case were returned. The modification reflected the lesser amount of restitution as follows:

   5. That the defendant shall pay restitution of $10,486.92 to the following payees and in the following amounts: restitution of $2,283.02 to Enrique and Desiree Panlilio; $6,486.10 to USAA Insurance; and $1,717.80 to Matthew Bullock, for a total of $10,486.92 is due

Prob 12C
(Rev. 3/95 D/HI)

2

immediately and payable jointly and severally with codefendant Christopher K. Horner, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

On 10/19/2004, the Court revoked the subject's term of supervised release for the following violations: On 9/28/2004, 10/7/2004 and 10/8/2004, the defendant refused to comply with drug testing imposed as a condition of supervised release; and on 10/7/2004 and 10/8/2004, the defendant failed to follow instructions of the Probation Officer. The Court sentenced the subject to five months imprisonment, to be followed by a thirty-one month term of supervised release. The following special conditions were imposed:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3.  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  That the defendant shall pay restitution of $10,486.92 to the following payees and in the following amounts: Restitution of $2,283.02 to Enrique and Desiree Panlilio; $6,486.10 to USAA Insurance; and $1,717.80 to Matthew Bullock, for a total of $10,486.92 is due immediately and payable jointly and severally with codefendant Christopher K. Horner, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Additional Violation(s) of Supervised Release

That the Request for Course of Action filed on 11/21/2005 be amended to include the following additional violations of supervised release:

4.  On 4/19/2005 and 11/3/2005, the subject engaged in conduct constituting a State of Hawaii crime, to wit, Driving Without a License, in violation of Hawaii Revised Statute § 286-102, a petty misdemeanor offense, and in violation of the General Condition.

5.  On 3/7/2006, the subject engaged in conduct constituting a State of Hawaii crime, to wit, Shoplifting, in violation of Hawaii Revised Statute §§ 708-830(8) and 708-833.5(3), a petty misdemeanor offense, and in violation of the General Condition.

Prob 12C
(Rev. 3/95 D/HI)

6.  The subject failed to notify the Probation Officer within 72 hours of being arrested or
    questioned by a law enforcement officer in April and November 2005, in violation of
    Standard Condition No. 11.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of
Action filed in the instant case on 11/21/2005 be amended to include the above additional violations
of supervised release, and that this Petition be sealed for other than law enforcement purposes and
until such time that the subject has been arrested and the warrant duly executed.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] That the Request for Course of Action filed in the instant case on 11/21/2005 be amended to
    include the above additional violations of supervised release, and that this Petition be sealed
    for other than law enforcement purposes and until such time that the subject has been
    arrested and the warrant duly executed.

[  ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 15, 2006

J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action filed in the instant case on 11/21/2005 be amended to include the above additional violations of supervised release, and that this Petition be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 15th day of March, 2006, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **BUCIO, Jeannie L.**
       **Criminal No. CR 02-00308SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

**Violation Nos. 4 and 6 - Driving Without a License, and Failure to Notify Probation Officer Within 72 Hours of Being Arrested or Questioned by Law Enforcement:** On 9/9/2005, the Probation Office conducted a routine criminal records check on the subject, which revealed no new arrests or convictions. On 11/15/2005, the Probation Office received a flash notice from the Federal Bureau of Investigation (FBI) that the subject was arrested for a number of traffic offenses on 11/3/2005. The notification also indicated that the subject used her maiden name, "Jeannie Lynn Savea," when she was arrested. No other arrests were reported.

After receiving this notification, this officer conducted a criminal records check, utilizing the subject's maiden name. The records revealed that the subject was arrested for a number of traffic offenses on 11/3/2005, including the following: Driving Without a License, Operation of a Vehicle Without a Certificate of Inspection, Operation of a Vehicle Without No-Fault Insurance, and Operation of a Vehicle Without a Certificate of Registration or Ownership. Moreover, the records revealed that the subject was also arrested on 4/19/2005 for Operating a Vehicle Under the Influence of an Intoxicant and Driving Without a License. This officer reviewed the investigative reports relating to the 4/19/2005 and 11/3/2005 arrests.

The reports indicate that on 4/19/2005 at approximately 1:45 a.m., a police officer observed a vehicle being operated on Olohana Street without headlights. In addition, the driver of the vehicle was disregarding traffic lane markings. As a result, the police officer signaled for the vehicle to pull over. The driver of the vehicle was a female, who identified herself as "Asia Teves" with a birth date of 12/1/1983. She also indicated that she was 23 years old. The police officer noted the discrepancy between the birth date and age that the female provided. The police officer also noticed that the driver's eyes were glassy and red and that there was a mild odor of alcohol emanating from the subject's mouth. The police officer instructed the driver to remain in the vehicle but she exited the vehicle despite these instructions. The driver stated that she had a driver's license in Hawaii, but later stated that her driver's license was issued in California. However, she was unable to produce any valid driver's license.

The police officer administered a Standard Field Sobriety Test on the female. The police officer determined that she failed this test and subsequently arrested her for the following offenses: Operating a Vehicle Under the Influence of an Intoxicant, Driving Without a License, Driving Without Headlights, Disregarding Longitudinal Traffic Lane Markings, No Motor Vehicle Insurance, and Registration Not in Vehicle.

Re:   **BUCIO, Jeannie L.**
      **Criminal No. CR 02-00308SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

After her arrest, the female was transported to the HPD Main Station, where a breathalyzer test was administered. The female's breath alcohol content was measured at 0.099. The legal limit is 0.08. In addition, it was later determined that the female's true identity was Jeannie Savea, which is the subject's maiden name.

The reports also indicate that on 11/3/2005 at approximately 2:46 p.m., a deputy sheriff observed a vehicle being operated on Kamehameha Highway with an expired safety tag. After confirming the expired safety tag through dispatch, the deputy sheriff signaled for the vehicle to pull over. The driver of the vehicle was a female, who identified herself as "Leilani Souza" with a birth date of 2/6/1985. The deputy sheriff checked with dispatch, who reported that there was no record of any driver's license issued to a Leilani Souza. After the female insisted that she had provided true identification information, the deputy sheriff arrested the female for Driving Without a License.

After the female was transported to the airport substation, she revealed her true identity as Jeannie Savea, which is the subject's maiden name. She also provided other information that confirmed that she was, in fact, the subject, including her correct birth date and social security number. The subject indicated that she had lied about her identity because she was scared.

In addition to the offense of Driving Without a License, the subject was subsequently cited for the following additional violations: Providing False Information, Delinquent Tax, Expired Safety, No Motor Vehicle Insurance, and No Registration in Vehicle. The reports also note that after a deputy sheriff observed that the subject appeared confused and paranoid and was mumbling, a standard field sobriety test was administered, as well as a breathalyzer test. The subject passed both tests. However, when asked the preliminary question regarding the use of any medication or drug, the subject stated that she had smoked approximately "half a g" of crystal methamphetamine on 11/2/2005.

The subject never contacted this officer to report the above-referenced arrests.

**Violation No. 5 - Shoplifting:** On 3/8/2006, this officer was contacted by a representative of the State of Hawaii Department of Public Safety. He informed this officer that the subject was recently arrested for theft and had an initial appearance at the Honolulu District Court that same day. The United States Marshals Service (USMS) was notified of the subject's custody status. In addition, this officer reviewed the investigative reports relating to the subject's arrest for theft.

Re:  **BUCIO, Jeannie L.**
     **Criminal No. CR 02-00308SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

         The investigative reports indicate that on 3/7/2006 at approximately 5:35 p.m., the
subject was observed by two loss prevention agents at the K-Mart department store on
Salt Lake Boulevard.  The subject was observed as she approached and selected several
items on display, including a pair of women's sandals, a pair of tennis shoes, and several
articles of clothing.  After selecting the items, the subject went to the infant department,
removed a K-Mart shopping bag, and concealed all of the items that she had selected into
the shopping bag.  The subject then exited the K-Mart department store without paying for
any of the items.  A loss prevention agent detained the subject when she was
approximately ten feet outside of the store.  All of the items were recovered and positively
identified as K-Mart property that had been taken without permission.  The aggregate
value of the items was $60.89.  When asked to identify herself after her arrest, the subject
provided the following name:  Jenevive K. Silva.  However, she was identified as the
subject by the Honolulu Police Department, based on her prior criminal records.

         The subject remains in the custody of the State of Hawaii.  Her shoplifting case was
continued to 3/13/2006 at the Ewa District Court.

         We request that the Request for Course of Action filed in the instant case on
11/21/2005 be amended to include the subject's additional violations of supervised
release, and that this Petition be sealed for other than law enforcement purposes and until
such time that the subject has been arrested and the warrant duly executed.

                                                     Respectfully submitted by,


                                                     J. MARTIN ROMUALDEZ
                                                     U.S. Probation Officer


Approved by:



TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/dck

Re:   **BUCIO, Jeannie L.**
       **Criminal No. CR 02-00308SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant is prohibited from utilizing any name other than her true legal name for any reason.  For purposes of this special condition, the defendant's true legal name shall include the following appellations:  Jeannie L. Bucio, Jeannie Lynn Bucio, Jeannie Bucio, Jeannie L. Savea, Jeannie Lynn Savea, Jeannie Savea. The defendant is required to notify the Probation Officer within 24 hours of using or representing herself under any other name.

That the defendant shall submit her person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

That the defendant serve up to 6 months community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.