PROB. 12B
(7/93)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court

## for the

### DISTRICT OF HAWAII

JUN 28 2007

at 10 o'clock and 55 min. A M
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  JEANNIE L. BUCIO          Case Number:  CR 02-00308SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  11/25/2002

Original Offense:     BURGLARY IN THE FIRST DEGREE, in violation of Hawaii
Revised Statutes § 708-810 and 18 U.S.C. § 13, a Class C felony

Original Sentence:  Forty-one (41) months imprisonment and three (3) years
supervised release with the following special conditions:  1) That
the defendant participate in a substance abuse program, which
may include drug testing at the discretion and direction of the
Probation Office; 2) That the defendant is prohibited from
possessing any illegal or dangerous weapons; 3) That the
defendant provide the Probation Office and the Financial Litigation
Unit of the U.S. Attorney's Office access to any requested financial
information to include submitting to periodic debtor's examinations
as directed by the Probation Office; 4) That the defendant
participate in a mental health program at the discretion and
direction of the Probation Office; and 5) That the defendant pay
restitution of $2,283.02 to Enrique and Desiree Panlilio; $4,066.98
to USAA Insurance; and $5,000 to Matthew Bullock, for a total of
$11,350; jointly and severally with codefendant Christopher K.
Horner immediately and any remaining balance upon release from
confinement be paid during the period of supervision on an
installment basis according to the collection policy of the Probation
Office but at a rate of not less than 10 percent of her monthly gross
income.  Interest, if applicable, is waived while the defendant is
serving her term of imprisonment and shall commence to accrue on
any remaining balance upon her release on supervision.

Prob 12B
(7/93)

Modified Sentence:     On 10/1/2004, the Court modified Special Condition No. 5 after
being informed that some of the stolen items in the instant case
were returned.  The modification reflected the lesser amount of
restitution as follows:  That the defendant shall pay restitution of
$10,486.92 to the following payees and in the following amounts:
restitution of $2,283.02 to Enrique and Desiree Panlilio; $6,486.10
to USAA Insurance; and $1,717.80 to Matthew Bullock, for a total
of $10,486.92 is due immediately and payable jointly and severally
with codefendant Christopher K. Horner, and any remaining
balance upon release from confinement be paid during the period
of supervision on an installment basis according to the collection
policy of the Probation Office but at a rate of not less than
10 percent of her monthly gross income.

First Revocation
Sentence:              On 10/19/2004, the Court revoked the subject's term of supervised
release after finding that the subject refused to comply with drug
testing imposed as a condition of supervised release on three (3)
separate occasions, and failed to follow instructions of the
Probation Officer on two (2) separate occasions.  The Court
sentenced the subject to five (5) months imprisonment, to be
followed by a thirty-one-month term of supervised release.  The
following special conditions were imposed: 1) That the defendant
participate in a substance abuse program, which may include drug
testing at the discretion and direction of the Probation Office;
2) That the defendant participate in a mental health program at the
discretion and direction of the Probation Office; 3) That the
defendant provide the Probation Office and the Financial Litigation
Unit of the U.S. Attorney's Office access to any requested financial
information to include submitting to periodic debtor's examinations
as directed by the Probation Office; and 4) That the defendant shall
pay restitution of $10,486.92 to the following payees and in the
following amounts:  Restitution of $2,283.02 to Enrique and
Desiree Panlilio; $6,486.10 to USAA Insurance; and $1,717.80 to
Matthew Bullock, for a total of $10,486.92 is due immediately and
payable jointly and severally with codefendant Christopher K.
Horner, and any remaining balance upon release from confinement
be paid during the period of supervision on an installment basis
according to the collection policy of the Probation Office but at a
rate of not less than 10 percent of her monthly gross income.

Second Revocation
Sentence:              On 3/17/2006, the Court revoked the subject's term of supervised
release after finding that the subject failed to pay restitution as
directed by the Probation Office, refused to comply with drug
testing imposed as a condition of supervised release, failed to
notify the Probation Officer ten (10) days prior to a change in

Prob 12B
(7/93)

residence or employment, failed to notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer, and engaged in conduct constituting two (2) separate State of Hawaii crimes, to wit, Driving Without a License and Shoplifting. The Court sentenced the subject to twelve (12) months and two (2) days imprisonment, to be followed by a twelve-month term of supervised release. The following special conditions were imposed: 1) That the defendant shall participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office; 2) The defendant is prohibited from the possession and/or use of alcohol; 3) That the defendant shall submit her person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 4) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.; 5) That the defendant serve up to 6 months community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office. Within 2 months of beginning community confinement, the defendant shall have either obtained employment, or have enrolled in an educational program that has been approved by the Probation Office. Within 4 months of beginning her community confinement, the defendant shall present to the Probation Office her plan for her residence when she has completed community confinement; and 6) That the defendant is prohibited from utilizing any name other than her true legal name for any reason. For purposes of this special condition, the defendant's true legal name shall include the following appellations: Jeannie L. Bucio, Jeannie Lynn Bucio, Jeannie Bucio, Jeannie L. Savea, Jeannie Lynn Savea, Jeannie Savea. The defendant is required to notify the Probation Officer within 24 hours of using or representing herself under any other name. The Court also ordered the following financial obligation: That the defendant shall pay restitution of $10,486.92 to the following payees and in the following amounts: Restitution of $2,283.02 to Enrique and Desiree Panlilio; $6,486.10 to USAA Insurance; and $1,717.80 to

Prob 12B
(7/93)

4

Matthew Bullock, for a total of $10,486.92 is due immediately and payable jointly and severally with codefendant Christopher K. Horner, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  1/26/2007

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

7.    The defendant shall serve up to 6 months of home detention after her release from Mahoney Hale, with or without electronic monitoring, as determined by the Probation Office after an assessment of the defendant's ability to pay for electronic monitoring, and as arranged by and at the discretion of the Probation Office.  If the defendant is determined to have the ability to pay for electronic monitoring, she shall be responsible for the expense of this service.  During the time of home detention, the defendant shall remain at her place of residence during non-working hours and shall not leave her residence without the approval of the Probation Office.  If electronic monitoring is implemented, the defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | From on or about 1/26/2007 through 3/30/2007, the subject associated with persons convicted of a felony without permission from the Probation Officer, in violation of Standard Condition No. 9. |
| 2 | On 4/23/2007 and 5/16/2007, the subject refused to comply with drug testing imposed as a condition of supervised release, in violation of Special Condition No. 1. |
| 3 | In March and April 2007, the subject failed to make the required restitution installment payment, in violation of the General Condition and the Schedule of Payments set forth in her Judgment. |

Prob 12B
(7/93)

The conditions of supervision imposed by the Court were reviewed with the subject on 1/5/2007, before her release from the Federal Detention Center in Honolulu. She acknowledged that she understood all of the conditions, and she was later provided with a copy of those conditions on 2/2/2007.

On 1/26/2007, the subject commenced her third term of supervised release and entered Mahoney Hale, the federal residential reentry center (RRC) in Honolulu. She was advised of the facility rules and requirements on or around the same date.

**Violation No. 1 - Association With Persons Convicted of a Felony:** On 3/30/2007, the subject was observed by RRC staff to be in possession of a cellular telephone, which was a prohibited item under facility rules. A subsequent review of the cellular telephone directory and call log suggested that the subject was associating with a number of federal felons through telephonic conversations. When specifically questioned, the subject admitted that from on or about 1/26/2007 through 3/30/2007, she associated with other felons and violated RRC rules through use of her cellular telephone. She was verbally reprimanded, and this officer reviewed the prohibition against association with the subject once again.

**Violation No. 2 - Refusal to Comply With Drug Testing:** On 4/23/2007 and 5/16/2007, the subject failed to report for drug testing at Freedom Recovery Services, Inc. (FRS). When questioned, the subject explained that she had failed to call the drug testing recording and had not been aware of the drug testing appointment. The subject was verbally reprimanded, and her participation in drug testing was extended by three (3) months. The subject was also advised that future violations could result in more serious sanctions.

The drug testing protocol was explained to the subject when she was interviewed at the commencement of her supervision term and during her intake at FRS. This protocol was the same set of procedures with which the subject was familiar from her earlier terms of supervised release in the instant case. In addition, she acknowledged that she fully understood the requirements of drug testing. Given that the subject was oriented to drug testing procedures and submitted to drug testing at a number of different treatment programs, her failures to submit to drug testing on the above-referenced dates constitute a refusal to comply with drug testing.

**Violation No. 3 - Failure to Pay Restitution:** The subject commenced working in February 2007 and currently maintains her employment with Burger King. In accordance with our collection policy, the subject's first restitution payment was due in March 2007. On 5/21/2007, this officer questioned the subject about her restitution payments, and the subject admitted that she had not made any payments. During this same period, it was discovered that the subject had rented a laptop computer and had given the computer to her mother for Mother's Day. The subject had paid approximately $100 for the computer rental. The subject was verbally reprimanded and reminded that her first obligation, after payment of her necessary living expenses, was to her restitution installment payments. Based on her employment income for February through April 2007, it was determined the subject had to pay $158 toward her restitution in order to bring her account up to date. The subject subsequently made a $160 payment towards her restitution on 5/25/2007.

Prob 12B
(7/93)

6

We recommend that the Court take no further action at this time, as the subject has been sanctioned in response to her violations and has been advised that further violations may result in more severe sanctions. The subject has agreed to modify her conditions of supervised release to add a term of home detention after her release from the RRC.

On 6/14/2007, the subject was released from the RRC and transitioned into a clean-and-sober all-female group home that is part of the Oxford House program. The Oxford House program requires its residents to abide by certain rules that are designed to encourage a clean and sober lifestyle. The modification before the Court will supplement the structured environment of the Oxford House program.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives her right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. Also attached is a signed Notice Regarding Modification of Conditions. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

*J. Martin Romualdez*

J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*Timoth M. J.*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 6/26/2007

Prob 12B
(7/93)

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[  ]    Other


SUSAN OKI MOLLWAY
U.S. District Judge

6/26/07
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Supervised Release

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

[ X ]    To modify the conditions of supervision as follows:

Special Condition No. 7

The defendant shall serve up to 6 months of home detention after her release from Mahoney Hale, with or without electronic monitoring, as determined by the Probation Office after an assessment of the defendant's ability to pay for electronic monitoring, and as arranged by and at the discretion of the Probation Office. If the defendant is determined to have the ability to pay for electronic monitoring, she shall be responsible for the expense of this service. During the time of home detention, the defendant shall remain at her place of residence during non-working hours and shall not leave her residence without the approval of the Probation Office. If electronic monitoring is implemented, the defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

Witness: _J. Martin Romualdez_                          Signed: _Jeannie Bucio_
J. MARTIN ROMUALDEZ                                      Jeannie Bucio
U.S. Probation Officer                                   Supervised Releasee

_5/25/07_
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions.   Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant.  Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

Jeannie Bucio
Defendant

Print Name: Jeannie Bucio

Date: 5/25/07